KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

April 18, 2025

**By CM/ECF**

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

   Re:  Federal Rule of Appellate Procedure 28(j) Letter
       *Verizon Communications Inc. v. FCC*, No. 24-1733
       (oral argument scheduled for April 29, 2025)

Dear Ms. Wolfe:

  I write to inform the panel of the Fifth Circuit's decision yesterday in *AT&T, Inc. v. FCC*, No. 24-60223 (Ex. A). The FCC forfeiture order AT&T challenged, which involved AT&T's location-based-service program, is nearly identical to the order Verizon challenges here. Applying *SEC v. Jarkesy*, the Fifth Circuit vacated the forfeiture order against AT&T, finding that it violated AT&T's Seventh Amendment right to a jury trial. The Fifth Circuit's opinion supports Verizon's Seventh Amendment arguments and rejects the FCC's, which it also made to that court. *See* Verizon Br. 47-52; Verizon Reply Br. 22-27; FCC Br. 47-65.

  First, the Fifth Circuit held that the Seventh Amendment applies to FCC forfeiture proceedings because they are "legal in nature" and involve a remedy — monetary penalties — "that could only be enforced in courts of law." Ex. A at 9-10. The court found further that the forfeiture order applied a standard "analogous to common law negligence," confirming that the Seventh Amendment applies. *Id.* at 10-12.

  Second, the court rejected the FCC's argument that, because its CPNI rules apply to common carriers, its forfeiture order involved a public right and so is exempt from the Seventh Amendment. *Id.* at 13-18. Accepting the FCC's argument would "blow a hole in what is meant to be a narrow exception to Article III." *Id.* at 14.

  Finally, the court held that the "possibility of a back-end section 504 trial" to collect unpaid FCC forfeiture amounts did not satisfy the Seventh Amendment. *Id.* at 18. The court

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Ltr. to Ms. Wolfe
April 18, 2025
Page 2

noted that, by the time DOJ sues to collect the penalty, the forfeiture order "would have already adjudged a carrier guilty of violating section 222 and levied fines," and would have "real-world impacts." *Id.* at 18-19. The court also noted "another glaring problem": under Fifth Circuit precedent, a defendant cannot challenge the FCC's legal conclusions in a § 504 trial. *Id.* at 19. That "dilemma" — "give up a jury trial" to "review the forfeiture order's legality" or "defy a multi-million dollar penalty" and "relinquish its ability to challenge the order's legality" — confirms that "AT&T's Seventh Amendment rights have been denied." *Id.* at 20.

                Respectfully submitted,

                /s/ *Scott H. Angstreich*
                Scott H. Angstreich
                KELLOGG, HANSEN, TODD,
                  FIGEL & FREDERICK, P.L.L.C.
                1615 M Street, N.W., Suite 400
                Washington, D.C. 20036
                (202) 326-7900
                sangstreich@kellogghansen.com

                *Counsel for Petitioner Verizon*
                *Communications Inc.*

cc: all counsel (by CM/ECF).