

**Federal Communications Commission**
Office of General Counsel—Litigation Division
45 L Street NE • Washington, DC 20554
Tel: (202) 418-1740 • Fax: (202) 418-2819

April 25, 2025

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Verizon Communications Inc. v. FCC*, No. 24-1733 (to be argued Apr. 29, 2025)

Dear Ms. Wolfe:

Verizon's April 18 letter notified the Court of the Fifth Circuit's decision in *AT&T, Inc. v. FCC*, No. 24-60223 (Apr. 17, 2025). The Fifth Circuit concluded that the FCC's enforcement proceeding leading to a monetary forfeiture order violated AT&T's Seventh Amendment rights. This Court shouldn't follow that decision.

The Commission's monetary forfeiture order proceedings pose no Seventh Amendment problem because Section 504(a) affords carriers the opportunity to demand a de novo jury trial in federal district court before the government can recover any penalty. Resp. Br. 47-53. Verizon elected to forgo that opportunity and instead sought direct appellate review.

The Fifth Circuit thought the Section 504(a) process was insufficient because "the Commission would have already adjudged a carrier guilty" before the carrier obtained a jury trial in federal district court. Slip op. 18-19. That view is contrary to *Capital Traction Co. v. Hof*, 174 U.S. 1 (1899), which held that an initial tribunal can lawfully enter judgment without a full jury trial if the law permits a subsequent "trial [anew] by jury, at the request of either party, in the appellate court." *See id.* at 4, 37-39, 45-46. Nor do the Fifth Circuit's concerns (at 18-19) about "reputational harm" or other impacts while awaiting review implicate the Seventh Amendment's jury trial right for certain monetary penalties. *See* Resp. Br. 49-51; *Pleasant Broad. Co. v. FCC*, 564 F.2d 496, 502 (D.C. Cir. 1977).

The Fifth Circuit also relied on circuit precedent holding that "[i]n a section 504 trial, a defendant cannot challenge a forfeiture order's legal conclusions." Slip op. 19. This Court, however, has never adopted such a limitation, and the Fifth Circuit's premise is in doubt. Resp. Br. 52-54; *see McLaughlin Chiropractic Assocs.,*

*Inc. v. McKesson Corp.*, No. 23-1226 (U.S., argued Jan. 21, 2025). Regardless, the proper approach would be to challenge any such limitation in the trial court and seek to strike the limitation—not to vacate the forfeiture order. Resp. Br. 54.

Finally, the Seventh Amendment is not implicated here because the forfeiture order involves public rights, not private rights with a common-law analogue. *See* Resp. Br. 54-65.

Respectfully submitted,

/s/ Scott M. Noveck

D. Adam Candeub
 *General Counsel*

Bradley Craigmyle
 *Deputy General Counsel*

Jacob M. Lewis
 *Associate General Counsel*

Scott M. Noveck
 *Counsel*

Abigail A. Slater
 *Assistant Attorney General*

Robert B. Nicholson
Matthew A. Waring
 *Attorneys*

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave. NW
Washington, DC 20530

FEDERAL COMMUNICATIONS COMMISSION
45 L Street NE
Washington, DC 20554
(202) 418-1740
fcclitigation@fcc.gov

cc: All counsel (via ACMS)